By the Court, Garvin, J.
In the afternoon of the 17th of January, 1857, a collision took place between the plaintiffs’ canal boat “ Ogden,” and the defendants’ steam ferry boat “Abbie,” at pier No. 36, East river, on the New York side. This action is brought to recover damages for the injury done to the “Ogden” and her cargo. Upon the trial, the plaintiffs had a verdict for a little over $3000. The only material question before us arose upon the denial by the court of the motion to dismiss the complaint on two grounds: (1.) That there was no evidence of negligence on the part of the defendants; and (2.) That the evidence showed negligence on the part of the plaintiffs, causing or contributing to the injury. As rules of law, both these propositions will be conceded; but whether the facts before the court were of such a character as to show negligence on the part of the plaintiffs, and a want of evidence showing negligence on the part of the defendants, are the questions before us. If it had been certain that the collision took place between the two boats in open day, without any intervening object to prevent a full and clear view of the canal boat by those on the steamboat, then the defendants *210 would, beyond all doubt, have been guilty of negligence, and such negligence as to have entitled the plaintiffs to a recovery for such damages as they proved, provided they were free from negligence themselves. But this question, as to whether it was dark or light, was not so clearly made out, upon the proofs, as to warrant the court in pronouncing upon the case in favor of the defendants. The facts did not show a case of contributing negligence against the plaintiffs, unless it.was so dark that the defendants’ employees could not see the canal boat; therefore it was entirely proper that the judge, at the trial, should submit that with other questions of fact to the jury. Upon their findings the cause turned. We must assume' the court charged, if it was so light that the defendants’ servants could see the canal boat lying across the entrance to the' slip in time to have stopped the steamer before she struck the plaintiffs’ boat, then the defendants were guilty of negligence, and the plaintiffs were entitled to recover. The jury must have found it was light enough to see the canal boat in time to have stopped her. Certainly, a collision under such circumstances would show a want of ordinary care and caution'on the part of the defendants, and it is difficult to see, upon such a finding, why the plaintiffs ought not to recover. The plaintiffs were not negligent in not having a light on their .boat, because under this state of facts it was light enough to see, and a light on the canal boat was unnecessary.
In this view of the case the verdict should be sustained, provided there is evidence in the case to support it. In cases of. this description, where there is conflicting evidence, the question of negligence as to both parties is one of fact for the jury. (Ernst v. The Hudson River Railroad Co., 35 N. Y. Rep. 9.) It was in proof on the part of the plaintiffs, that it was so light that the ferry boat could be seen across the river, on the Brooklyn side, before she left her dock to come over, without reference to her lights; that the canal boat was being moored to get under lee hom the ice, which *211 was coming down so strong that it would be likely to run the canal boat down; that from the canal boat the pilot could be seen by the light of day; that it was so light the passengers could be counted and seen as plainly, one of the witnesses said, as he could see the faces of the jury. It is true there was conflicting evidence given'on the part of the defendants; but the questions of fact were submitted to the jury, and their verdict is controlling with us. We do not think the exceptions taken to the ruling made by the court, in denying the motion to dismiss the complaint, or in excluding evidence, are either of them well taken.
The judgment and order should be affirmed, with costs.
Robertson, Ch. J. concurred. '